# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| CONNIE SUE GUTHRIE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>FRANKLIN COUNTY, )<br>MISSOURI, et al., )<br>)<br>Defendants. )<br>)<br>_____ )<br>)<br>CONNIE SUE GUTHRIE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>STATE OF MISSOURI, et al., )<br>)<br>Defendants. ) | Consolidated Case<br>No. 4:07CV2108 CEJ<br><br><br><br><br><br><br><br><br><br><br><br>Associated Case<br>No. 4:07CV2109 ERW |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' motions to proceed in forma pauperis. Upon consideration of the financial information provided with the motion, the Court finds that plaintiffs are financially unable to pay any portion of the filing fee. As a result, plaintiffs will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the consolidated complaints

pursuant to 28 U.S.C. § 1915(e) and finds that several defendants and several claims should be dismissed before service of process.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

# The Consolidated Complaints[1]

Plaintiffs bring these actions under 18 U.S.C. §§ 241-242, 42 U.S.C. § 1983, 42 U.S.C. § 14141, and Mo. Rev. Stat. § 542.266. Named as defendants are the State of Missouri; the Missouri Department of Agriculture; Franklin County, Missouri; Gary Tolke (Sheriff, Franklin County); Charles Subke (Deputy Sheriff); Jeremy Geisler (same); Wesley Jordan (same); Tom Leasor (same); Robert Parks (Prosecutor); Walter Murray, Jr. (Circuit Court Judge); Stanley Williams (same); Doris Schatz (Court Clerk); Debbie Door (Franklin County Clerk); Edward Hillhouse (Presiding County Commissioner); Terry Wilson (First District Commissioner); Ann Schroeder (Second District Commissioner); Fred Ferrell (Former Director, Department of Agriculture); Shane Brookshirer (same); Jerry Eber (Animal Care Facilities Act Program Coordinator, Department of Agriculture); Elizabeth Wainwright (Inspector, Department of Agriculture); Judy Riodan-Lolli (same); Jim Gauthier (same); Jamilon Niemann (Veterinarian, Department of Agriculture); Tiffany Landrum (same); Tim Rickey (Missouri Humane Society); Hunt Tainter (Veterinarian); Karri Davenport (Office Manager); Donald Bridges (Veterinarian); and Daniel Fischbach (same).

---

[1]The Court accepts the allegations in the complaints as true for the purpose of § 1915(e) review only. The following recitation does not constitute the findings of the Court as to the actual facts in this case. Additionally, the complaint contains several legal conclusions. These the Court will ignore, focusing only on the alleged facts.

According to the complaint, plaintiffs ran a dog rescue shelter called Save Our Strays, Inc., from their home in Franklin County, Missouri. The shelter was licensed by the State of Missouri under the Animal Care Facilities Act, Mo. Rev. Stat. §§ 273.325 through 273.357 ("ACFA"). Plaintiffs kept several rescue dogs at the shelter as well as several personal pets.

Defendant Fischbach provided community veterinarian services to Save Our Strays from 2002 through 2005. Defendant Tainter provided community veterinarian services to Save Our Strays from 2005 through 2006. Defendant Davenport was the office manager for Tainter's practice.

In 2005, plaintiffs terminated Save Our Stray's relationship with Fischbach because of a "disagreement" over billing and charges. Fischbach later called Tainter and discussed his previous relationship with Save Our Strays. As a result of this conversation, plaintiffs' relationship with Tainter and Davenport became strained. Plaintiffs then began using community veterinarian services located in St. Louis County.

Because of disagreements over payments and billing, Davenport and Tainter terminated their business relationship with Save Our Strays on June 3, 2006, refusing to provide any further services to plaintiffs' animals. Plaintiff Connie Guthrie was offended because Tainter did not write a formal letter to her regarding the termination

of the relationship. As a result, Connie Guthrie filed formal complaints with the Department of Agriculture (the "Department") and the Attorney General.

Defendant Eber, ACFA Program Director for the Department, handled the investigation. When Eber called Tainter and Davenport, they made disparaging remarks about the condition of plaintiffs' animals and Save Our Strays's operations.

On June 8, 2006, Eber conducted an inspection of plaintiffs' home and Save Our Strays's operations. Three other inspectors, including defendant Wainwright, attended the inspection. Plaintiffs felt that Eber's conduct during the investigation was "unprofessional" and they felt that he was threatening to take away their pets. At the end of the inspection, plaintiffs did not receive a report.

After Eber left, plaintiffs sent several letters and emails to defendant Brookshirer in which they complained about Eber's behavior during the inspection.

Within a day or two, plaintiffs received a phone call from a person a the St. Francois Society, who told them Eber was going to take away all of their animals because plaintiffs had "got in his radar."

As a result of feeling threatened by Eber, plaintiffs voluntarily revoked their ACFA license on June 11, 2006. Connie Guthrie mailed the license to the Department and informed Inspector Martin that she and her husband were no longer running an

animal shelter. Plaintiffs assert that all animals on their property after June 11, 2006, were their personal pets.

On August 4, 2006, Eber and Wainwright filed affidavits in the Franklin County Sheriff's Department stating that several dogs at plaintiffs' residence were sick and needed veterinary care. Defendant Subke took the affidavit to defendant Parks, who notarized it. The affidavit was then taken to defendant Murray, who signed a search warrant for plaintiffs' property. Plaintiffs claim that the warrant authorized defendants to search only for abused or neglected horses, not cats or dogs.

On August 17, 2007, defendants Subke, Eber, Wainwright, Riodan-Lolli, Gauthier, Niemann, Landrum, Rickey, and several other unnamed persons executed the search warrant on plaintiffs' property. Landrum inspected two kittens and determined that it was necessary to euthanize them. Landrum then ordered the other defendants to remove all of the cats and dogs from plaintiffs' property. Plaintiffs believe that all of the removed animals were healthy. Plaintiffs believe that the defendants took the animals out of spite because Connie Guthrie had several disagreements with the Department and the Humane Society in the past.

Soon after, a disposition hearing was held, presided over by defendant Williams. Defendant Parks prosecuted the case on behalf of the State. Defendant Bridges testified at the hearing that one dog, known as "#37," had multiple scars on its body.

Plaintiffs allege that Bridges' perjured himself with this testimony. Plaintiffs further allege that although they sent letters to numerous Franklin County officials regarding the matter, including defendants Door, Hillhouse, Wilson and Schroeder, none of the officials replied to their letters. Plaintiffs additionally claim that defendant Schatz made numerous clerical errors on the "original certification."

Plaintiffs claim that as a result of the seizure of their pets they have lost their home, that Karl Guthrie has lost his job, and that their credit has been damaged. Plaintiffs seek money damages in the amount of $200 million.

## Discussion

The complaint survives initial review under 28 U.S.C. § 1915(e) as to defendants Subke, Eber, Wainwright, Riodan-Lolli, Gauthier, Niemann, Landrum, Rickey, and Bridges. As a result, the Court will order the Clerk to issue process or cause process to issue as to these defendants.

Plaintiffs' claims arising under 18 U.S.C. §§ 241-242 are legally frivolous. These are criminal statutes; they do not confer upon an individual a private right of action for civil relief. United States v. Oguaju, No. 02-2485, 2003 WL 21580657 at * 2 (6th Cir. July 9, 2003); Robinson v. Overseas Military Sales Corp., 21 F.3d 502, 511 (2d Cir. 1994); Willing v. Lake Orion Community Schools, 924 F. Supp. 815, 818 (E.D. Mich. 1996).

Additionally, plaintiffs cannot sustain a cause of action under 42 U.S.C. § 14141, which allows only the Attorney General of the United States to seek injunctive relief from unconstitutional patterns or practices by law enforcement officials.

The complaint is frivolous as to the State of Missouri because the state is absolutely immune from liability under § 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 63 (1989). Additionally, the complaint is frivolous as to the Missouri Department of Agriculture because an agency exercising state power is not "person" subject to § 1983 suit. See, e.g., Barket, Levy & Fine, Inc. v. St. Louis Thermal Energy Corp., 948 F.2d 1084, 1086 (8th Cir. 1991) c.f., State ex rel. Missouri Dept. of Agriculture v. McHenry, 687 S.W.2d 178, 181 (Mo. banc 1985) (Department of Agriculture shielded by sovereign immunity).

"Liability under section 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff); Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995) (respondeat superior theory inapplicable in § 1983 suits). In the instant action, plaintiffs have not set forth any facts indicating that defendants Leasor, Jordan, Geisler, Tolke, Ferrell, or Brookshirer were directly

involved in or personally responsible for the alleged violations of their constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against these defendants.

Plaintiffs' claims against defendants Schatz, Door, Hillhouse, Wilson and Schroeder, all Franklin County officials, for allegedly failing to address plaintiffs' concerns and for typewritten errors in a "certification," cannot sustain a claim under § 1983. To establish a prima facie case under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) the action occurred "under color of law" and (2) the action is a deprivation of right of a constitutional right or a federal statutory right. Parratt v. Taylor, 451 U.S. 527, 535 (1981). These broad allegations fail to show a deprivation of a constitutional or federal statutory right. Accordingly, they are subject to dismissal.

Similarly, plaintiffs' claims against Franklin County, Missouri should be dismissed. Local governmental units, such as a city or county, are included among those to which § 1983 applies. Monell v. Dep't Of Soc. Serv. of City of New York, 436 U.S. 658, 690 (1978); see also Ware v. Jackson County, Mo., 150 F.3d, 873, 880 (8th Cir. 1998) (applying analysis of municipal liability under Monell to county government defendant). However, liability of a local governmental unit under § 1983 cannot be premised merely on the fact that it employs a tort-feasor or tort-feasors; in other words, § 1983 liability against a local governmental unit cannot be based upon

a respondeat superior theory. Monell, 436 U.S at 691. In order to establish liability of a local governmental unit under Monell, a plaintiff must establish that "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury . . ." Id. at 694; see also St. Louis v. Praprotnik, 485 U.S. 112 (1988); Jett v. Dallas Indep. School Dist., 491 U.S. 701 (1989). Thus, plaintiffs must allege facts indicating that those representing Franklin County were acting pursuant to official county policy in order to state a claim under § 1983 against the county. This they have failed to do.

Plaintiffs' complaint is legally frivolous as to Judges Murray and Williams because both are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)).

Plaintiffs' complaint is legally frivolous as to defendant Parks because, where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." Brodnicki v. City of Omaha, 75 F.3d 1261, 1266 (8th Cir. 1996).

Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. "Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state

law." Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir.1999). To state a claim against a private actor under § 1983, a plaintiff "must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States." Id. There are no allegations in the complaint that would show that defendants Tainter, Davenport, or Fischbach had an agreement or meeting of the minds with the governmental actors regarding the taking or killing of plaintiffs' animals. As a result, the complaint fails to state a claim against these defendants.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motions to proceed in forma pauperis are **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue as to defendants Subke, Eber, Wainwright, Riodan-Lolli, Gauthier, Niemann, Landrum, Rickey, and Bridges.

**IT IS FURTHER ORDERED** that, as to defendants State of Missouri, Missouri Department of Agriculture, Franklin County, Tolke, Geisler, Jordan, Leasor, Parks, Murray, Williams, Schatz, Door, Hillhouse, Wilson, Schroeder, Ferrell, Brookshirer, Tainter, Davenport, and Fischbach, the Clerk shall not issue process or

cause process to issue upon the complaint because the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 24th day of March, 2008.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE