# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CONNIE SUE GUTHRIE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Consolidated Case |
| v. | ) | No. 4:07CV2108 CEJ |
| | ) | |
| FRANKLIN COUNTY, | ) | |
| MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |
| | ) | |
| CONNIE SUE GUTHRIE, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Associated Case |
| v. | ) | No. 4:07CV2109 ERW |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of defendants Jamilon Niemann and Jim Gauthier to dismiss. The plaintiffs have not filed a response, and the time allowed for doing so has expired.

**Background**

Plaintiffs, who are husband and wife, are the former proprietors of a dog rescue shelter called Save Our Strays, Inc., which they ran from their home in Franklin County, Missouri. Defendants Jamilon Niemann and Jim Gauthier are employees of the United States Department of Agriculture.[1]

In June 2006, employees of the Missouri Department of Agriculture (the "Missouri defendants") conducted an inspection of plaintiffs' rescue shelter. After the inspection, the Missouri defendants filed an affidavit with the Franklin County Sheriff's Department stating that several of plaintiffs' dogs were sick and had not seen a veterinarian. The affidavits were notarized by the prosecutor for Franklin County. They were then taken to an associate circuit judge, who signed a search warrant for plaintiffs' property.

On August 17, 2006, the Missouri defendants executed the search warrant. Present at the search were several employees of the Missouri Department of Agriculture, an employee of the Missouri Humane Society, and defendants Niemann and Gauthier.

---

[1] Plaintiffs originally stated that defendants Niemann and Gauthier were employees of the Missouri Department of Agriculture. This was incorrect. Defendants were employees of the United States at all times relevant to the complaint.

Plaintiffs allege that the Missouri defendants wrongfully took their pets on August 17, 2006. As to defendants Niemann and Gauthier, plaintiffs allege that they were present at the August 17 search of their residents, and they further allege, in a conclusory fashion, that they conspired with the Missouri defendants to violate plaintiffs' rights.

Niemann and Gauthier move the Court to dismiss plaintiffs' claims against them in their official capacities for lack of jurisdiction. Niemann and Gauthier move to dismiss plaintiffs' claims against them in their individual capacities for failure to state a claim upon which relief can be granted and on the grounds of qualified immunity.

**Standard**

### 1. Federal Rule of Civil Procedure 12(b)(1)

"A district court has the authority to dismiss an action for lack of subject matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quotation and citation omitted). "Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide." Osborn v. United States, 918 F.2d 724, 729 (8th Cir. 1990).

## 2. Federal Rule of Civil Procedure 12(b)(6)

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to plaintiff. Gregory v. Dillard's, 494 F.3d 694, 709 (8th Cir. 2007). The Federal Rules do not require great precision in pleadings. Id. at 710. "The simplified notice pleading standard under Fed. R. Civ. P. 8(a) requires only a statement that gives the defendant fair notice of what the plaintiffs claim is and the grounds upon which it rests." Id. (quotations omitted). However, the factual allegations in the complaint must be more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007); see Gregory, 494 F.3d at 710. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S. Ct. at 1974.

## Discussion

### 1. Official Capacity Claims

#### A. *Bivens* Claims

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court recognized the existence of an implied right of an individual to bring a private action for damages against federal officers for alleged

violations of constitutional rights. A suit against a government official acting in his or her official capacity is not just a suit against the official, but rather a suit against federal government. Buford v. Runyon, 160 F.3d 1199, 1203 (8th Cir. 1998) ("It is well settled that a Bivens action cannot be prosecuted against the United States and its agencies because of sovereign immunity."). "The doctrine of sovereign immunity bars any suit against the United States, its agencies, or its officers acting in their official capacities, unless Congress has specifically consented to waive such immunity." Wittmann v. United States, 869 F. Supp. 726, 729 (E.D. Mo. 1994).

The United States has not waived its sovereign immunity from suit for money damages arising out of constitutional violations. Hartje v. FTC, 106 F.3d 1406, 1408 (8th Cir. 1997) ("A Bivens action, which provides a cause of action for a constitutional violation, is only available against federal officers, not government entities."). The United States and employees sued in their official capacities have sovereign immunity from Bivens actions. Phelps v. United States, 15 F.3d 735, 739 (8th Cir. 1994). As a result, plaintiffs' allegations that Niemann and Gauthier have violated their constitutional rights are barred by sovereign immunity.

### B. *Federal Torts Claim Act Claims*

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680, precludes suits against individual federal employees for common law torts allegedly committed

during the course and scope of their employment. 28 U.S.C. § 2679(b)(1). The only proper defendant for such actions is the United States. Wollman v. Gross, 637 F.2d 544, 547 (8th Cir. 1980). To the extent that plaintiffs here intended to bring any common law torts claims against defendants, the United States must be substituted as party defendant.

The FTCA is a statute which provides limited waiver of sovereign immunity as along as certain conditions set out by Congress have been met. E.g., F.D.I.C. v. Meyer, 510 U.S. 471, 475-76 (1994); United States v. Kubrick, 444 U.S. 111 (1979); Laswell v. Brown, 683 F.2d 261, 264 (8th Cir. 1982). "These conditions are construed narrowly and include the requirement that before filing an FTCA action the claimant 'present' an administrative claim requesting a sum certain in damages to the appropriate federal agency and that the claim be finally denied." Bellecourt v. United States, 994 F.2d 427, 430 (8th Cir. 1993). See 28 U.S.C. § 2675(a); see also, Duncan v. Dep't of Labor, 313 F.3d 445, 447 (8th Cir. 2002); Borntrager v. Stevas, 772 F.2d 419, 421 (8th Cir. 1985). It is settled law that the presentation of an administrative claim complying with section 2675 and the FTCA regulations is a non-waivable jurisdictional requirement. See McNeil v. United States, 508 U.S. 106 (1993); De Groot v. United States, 384 F. Supp. 1178, 1180 (N.D. Iowa 1974) (citing Peterson v. United States, 428 F.2d 368 (8th Cir. 1970)). In order to withstand a motion to

dismiss for failure to state a claim, a plaintiff must allege compliance with section 2675(a), where the suit under the FTCA is attempted. See Bellecourt, 994 F.2d at 430. Plaintiffs have not alleged that they exhausted their administrative remedies under the FTCA. As a result, the complaint fails to state a claim under the FTCA.

### 2. **Individual Capacity Claims**

#### A. *Fourth Amendment Claims*

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. Amend. IV. To establish a Fourth Amendment violation for a Bivens or § 1983 claim, plaintiffs must demonstrate both that defendants Niemann and Gauthier seized plaintiffs' property within the meaning of the Fourth Amendment and that the seizure was unreasonable. Hawkins v. City of Farmington, 189 F.3d 695, 702 (8th Cir.1999). The complaint contains no allegations that either Niemann or Gauthier seized any of plaintiffs' property on August 17, 2006. As a result, the complaint fails to state a claim under the Fourth Amendment of the United States Constitution.

#### B. *Conspiracy Claims*

To properly plead a claim for civil conspiracy under Bivens or § 1983, a plaintiff must include factual allegations showing a "meeting of the minds" concerning unconstitutional conduct; although an express agreement between the purported

conspirators need not be alleged, there must be something more than the summary allegation of a conspiracy before such a claim can withstand a motion to dismiss. See Mershon v. Beasely, 994 F.2d 449, 451 (8th Cir. 1993). There are no factual allegations in the complaint that would give rise to an inference that there was an inference between Niemann, Gauthier, and the Missouri defendants to violate plaintiffs' constitutional rights. Thus, the complaint fails to state a claim for conspiracy.

### C. *Qualified Immunity*

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Pearson v. Callahan, 129 S. Ct. 808, 815 (2009) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). "The protection of qualified immunity applies regardless of whether the government official's error is 'a mistake of law, a mistake of fact, or a mistake based on mixed questions of law and fact.'" Id. (quoting Groh v. Ramirez, 540 U.S. 551, 567 (2004)).

> For a right to be "clearly established," it must be established in a fairly
>
> particularized . . . sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been

held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

Anderson v. Creighton, 483 U.S. 635, 640 (1987) (citation omitted); see also Hudson v. Hall, 231 F.3d 1289, 1297 (11th Cir. 2000) ("Public officials are not obligated to be creative or imaginative in drawing analogies from previously decided cases.").

Niemann and Gauthier are entitled to qualified immunity. Plaintiffs have failed to show that either Niemann or Gauthier violated their constitutional rights. Second, even if plaintiffs had demonstrated a constitutional violation, plaintiffs have failed to show that the alleged right was clearly established. Niemann and Gauthier were present at a search of an animal shelter conducted by the Missouri Department of Agriculture; the Missouri Department of Agriculture had procured a search warrant issued by a judge. And plaintiffs, in their capacity as persons running an animal shelter, did not have a clearly established right to be free from searches by governmental agencies.

For these reasons, the Court will dismiss the claims against Niemann and Gauthier.

Accordingly,

**IT IS HEREBY ORDERED** that the motions of defendants Niemann and Gauthier to dismiss [#96, 98] are **granted**.

**IT IS FURTHER ORDERED** that the claims against defendants Niemann and Gauthier are **dismissed**.

An Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 11th day of May, 2009.

                                                 CAROL E. JACKSON
                                                 UNITED STATES DISTRICT JUDGE