UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Consolidated Case |
| vs. ) | No. 4:07-CV-2108 (CEJ) |
| ) | |
| FRANKLIN COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Associated Case |
| vs. ) | No. 4:07-CV-2109 (CEJ) |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Charles Subke for a more definite statement, pursuant to Federal Rule of Civil Procedure 12(e). Plaintiffs filed no response, and the time allowed for doing so has expired.

**I.    Background**

On March 24, 2008, the Court dismissed plaintiffs' action as to twenty defendants. See (Doc. #12). On November 12, 2008, the Court dismissed plaintiffs' claims against (1) defendants Jerry Eber, Judi Riondan-Lolli, Elizabeth Wainwright, Charles Subke (Subke), Tim Rickey (Rickey), and Donald Bridges (Bridges), in their official capacities, pursuant to 42 U.S.C. § 1983; (2) defendant Subke, in his individual capacity, for violating Mo.Rev.Stat. § 542.276 and Article I, § 15 of the Missouri Constitution; (3) defendants Rickey and Bridges for violating Mo.Rev.Stat. § 542.266; and (4) defendant Rickey for violating Mo.Rev.Stat. § 578.018.

On September 25, 2009, the Court granted plaintiffs' renewed motion for leave to file a first amended complaint. Plaintiffs allege in the amended complaint that (1) defendant Franklin County, Missouri, violated § 1983 (Counts I and II); (2) defendants Subke, Jeremy Geisler, Wesley Jordan, and Tom Leasor, Humane Society of Missouri, Bridges, and Rickey violated § 1983 and Mo.Rev.Stat. § 578.018 (Counts III through VI); (4) defendants Tiffany Landrum, Jerry Eber, Judi Roidan-Lolli, and Wainwright violated § 1983 (Counts VII and VIII); and (5) all the named defendants engaged in common-law civil conspiracy to violate plaintiffs' Fourth and Fourteenth Amendment rights (Counts IX).

II.     Discussion

Federal Rule of Civil Procedure 12 provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Fed.R.Civ.P. 12(e).

In their first amended complaint, plaintiffs allege, *inter alia*, that:

> 3. With regard to the . . . named [d]efendants, the factual allegations contained in the [p]laintiffs' two [c]omplaints . . . are realleged and incorporated by reference as if set forth fully herein. All legal statements or applications of law to facts contained in those [c]omplaints are realleged to the extent that they are not inconsistent with the prior rulings of the Court in this matter.
>
> 4. Subject matter jurisdiction and venue are proper in this Court as stated in [the] two [o]riginal [c]omplaints.
>
> 5. Personal Jurisdiction of the following [d]efendants exists as stated in the two [o]riginal [c]omplaints: Franklin County, Missouri, Charles Subke, Jeremy Geisler, Wesley Jordan, Tom Leasor, Jerry Eber, Judi-Riodan-Lollie, Tiffany Landrum, Tim Rickey, Donald Bridges, and Elizabeth Wainwright. . . .
>
> 40. Based upon the foregoing facts, particularly including those stated in the [o]riginal [c]omplaints incorporated herein, [d]efendants Bridges and Humane Society of Missouri are liable for violation of Mo.Rev.Stat. §

578.018 in that Bridges lied in order to effect the outcome of the disposition of the [p]laintiffs' animals.

(Doc. #142, at 2, 7).

"It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal force." In re Wireless Tel. Fed. Cost Recovery Fees Litig., 396 F.3d 922, 928 (8th Cir. 2005). Therefore, plaintiffs' first amended complaint supercedes their original complaint, and plaintiffs cannot adopt nor incorporate allegations from their original complaint. Because plaintiffs repeatedly refer to the statements of law and factual allegations set forth in their original complaint, the Court directs plaintiffs to file a second amended complaint, clearly stating (1) the basis for subject matter and personal jurisdiction as well as venue; and (2) each factual allegation upon which plaintiffs' claims arise.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of defendant Charles Subke for a more definite statement [Doc. #146] is **granted**.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **November 30, 2009,** to file a second amended complaint containing the matters stated above.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2009.