UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Consolidated Case |
| vs. ) | No. 4:07-CV-2108 (CEJ) |
| ) | |
| FRANKLIN COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Associated Case |
| vs. ) | No. 4:07-CV-2109 (CEJ) |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of defendant Charles Subke (Subke) to compel plaintiffs to provide (1) full and complete responses to Subke's interrogatories and requests for production of documents; and (2) documents relating to plaintiffs' initial disclosures. Plaintiffs filed no opposition to the motion, and the time for doing so has expired.

On July 30, 2009, plaintiffs served their initial disclosures on Subke. Plaintiffs, however, failed to provide the documents listed in their initial disclosures. On October 6, 2009, Subke contacted plaintiffs by letter in attempt to obtain these documents. Then, on or about November 5, 2009, plaintiffs provided Subke with supplemental disclosures, which included "limited correspondence, a couple of

documents relating to the execution of the subject search warrant, and a newspaper article." (Doc. #163, at 1-2).

On October 12, 2009, Subke served on plaintiffs his first set of interrogatories and first request for production of documents. On November 24, 2009, Subke received plaintiffs' unsigned responses to his interrogatories via email. To date, Subke has received no received response to his requests for production.

The Court's Local Rule 3.04 provides that "[t]he Court will not consider any motion relating to discovery and disclosure unless it contains a statement that movant's counsel has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve their dispute, counsel are unable to reach and accord." E.D. Mo. L.R. 3.04(A).

Here, the October 6, 2009 letter demonstrates Subke's good faith effort to resolve the parties' disputes as to the documents listed in plaintiffs' initial disclosures. However, it appears that Subke made no effort to confer with plaintiffs regarding (1) any perceived deficiencies in plaintiffs' supplemental disclosures and responses to Subke's interrogatories; or (2) plaintiff's failure to respond to Subke's requests for production of documents.

Although the Court finds that Subke's motion to compel is premature, the motion will not be dismissed as such. Instead, Subke's counsel will be directed to confer again with plaintiffs' counsel to try to resolve this discovery dispute. Counsel for Subke will thereafter file a statement confirming compliance with this order and

informing the Court whether an accord has been reached.  If the parties are unsuccessful in their efforts to resolve the disputed matters, the Court will proceed to rule on Subke's motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that, within ten (10) days of the date of this Order, counsel for defendant Charles Subke shall (1) confer with counsel for plaintiffs in a good faith effort to resolve the pending discovery dispute; and (2) file a statement confirming compliance with this Order and advising whether an accord has been reached.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 16th day of December, 2009.