UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Consolidated Case |
| vs. ) | No. 4:07-CV-2108 (CEJ) |
| ) | |
| FRANKLIN COUNTY, MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |
| ) | |
| CONNIE SUE GUTHRIE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Associated Case |
| vs. ) | No. 4:07-CV-2109 (CEJ) |
| ) | |
| STATE OF MISSOURI, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion for summary judgment filed by defendants Jerry Eber, Tiffany Landrum, and Elizabeth Wainwright. Plaintiffs filed a memorandum in opposition, and the issues are fully briefed.[1]

**I.   Background**[2]

---

[1]On May 18, 2010, the Court denied defendants' motion for an extension of time to file a reply.

[2]Local Rule 7-4.01(E) provides that:

> Every memorandum in opposition [to a motion for summary judgment] shall include a statement of material facts as to which the party contends a genuine issue exists. Those matters in dispute shall be set forth with specific references to portions of the record, where available, upon which the opposing party relies. The opposing party also shall note for all disputed facts the paragraph number from movant's listing of facts.

E.D. Mo. L.R. 7-4.01(E). Because plaintiffs agree with the majority of defendant's statement of facts, (Doc. #188, at 1-2, paras. 1, 4), and they have failed to properly dispute the other facts, the facts set forth in the Background section of this opinion are

Plaintiffs Connie Sue Guthrie and Karl David Guthrie, Jr., operated an animal shelter, called Save Our Strays, Inc. (Doc. #182, at 1, para. 1). The shelter was licensed by the Missouri Department of Agriculture (MDA), pursuant to the Animal Care Facilities Act, MO.REV.STAT. §§ 273.325 through 273.357. Id. at 1, paras. 1-2. At all relevant times, Eber was an MDA Animal Care Facilities Act Program Coordinator, Landrum was a MDA veterinarian, and Wainwright was an MDA inspector. (Doc. #11, at 3).

On January 12, 2006, Mary Martin, an MDA animal health officer, inspected the plaintiffs' shelter. (Doc. #182, at 2, para. 3). Martin then drafted an inspection report, noting that she discovered two non-compliant items and twenty animals on the premises. Id. at 2, paras. 5-6. On April 20, 2006, Martin and Matt Rold, another MDA official, inspected the shelter. Id. at 2, para. 7; #190, at 4, lines 9-12. In an inspection report dated April 20, 2006, Martin and Rold reported that the shelter had five non-compliant items and fifty-two animals on the premises. Id. at 3, paras. 8-10. After visiting the shelter on May 9, 2006, Martin and Rold drafted an inspection report, in which they reported that the shelter had six non-compliant items and forty animals. Id. at 2-3, paras. 11-14. After their last visit on June 8, 2006, Martin and Rold completed an inspection report, noting that the shelter failed to comply with fourteen regulatory requirements, and that fifty-four animals were on the premises. Id. at 3, paras. 16-18. Martin, Wainwright, Eber, and Greg Tidwell were present at the June 2006 inspection. (Doc. #189, at 5, lines 21-25).

In a letter dated June 11, 2006 and addressed to Eber, plaintiff Connie Guthrie surrendered the license to operate the shelter. (Doc. #182, at 3, para. 19).

---

based on defendants' statement of uncontroverted facts and the other undisputed evidence in the record.

On August 16, 2006, Charles Subke of the Franklin County Sheriff's Department submitted and application and affidavit for a search warrant of the shelter. Id. at 4, paras. 23-24. That same day, a judge of the Franklin County Circuit Court approved the application and issued a warrant authorizing officers to search the shelter and "to inspect, care for, or impound [any] such neglected or abused animals or any other animals found on said premise." Id. at 5, paras. 27-28.

On August 17, 2006, Subke and two Franklin County deputies personally served the search warrant upon plaintiff Karl Guthrie.[3] Id. at 5, paras. 29-30. After conducting the search, Subke and the deputies seized seventy-five dogs and cats. Id. at 5, para. 32. On that same date, the animals were transferred to the custody of the Humane Society of Missouri (HSM). Id. at 6, para. 33. "On August 18, 2006, Dr. Donald Bridges, Director of Veterinary Services for [HSM], performed necropsies on two cats that were examined and euthanized at [HSM.]" Id. at 6, para. 35.

On August 24, 2006, a hearing was held before a judge in the Franklin County Circuit Court regarding the disposition of the animals seized during the search. Id. at 6, para. 38. Plaintiffs were represented by an attorney at the hearing. (Doc. #182, at 6, para. 38). In a Final and Appealable Order of Disposition, the judge determined that:

    a. 37 cats and 38 dogs were seized by the Franklin County Sheriff's Department;

    b. the search and seizure were pursuant to a search warrant;

    c. the animals were "properly seized by the authority of the search warrant";

    d. the animals were being held by [HSM]; and

---

[3]Connie Guthrie was not present when defendants executed the warrant. (Doc. #182, at 5, para. 31).

> e. that 'good cause exists to award custody of the dogs and cats seized pursuant to the search warrant to [HSM] with the exception of animal #18 which is ordered to return to [plaintiff Karl David Guthrie]."

(Doc. #182, at 7, para. 41). Plaintiffs did not appeal the order. Id. at 7, para. 42.

On December 26, 2007, plaintiffs filed the instant action. On November 30, 2009, plaintiffs filed a second amended complaint. Defendants now move for summary judgment.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment, the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts. AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987). The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); Fed.R.Civ.P. 56(c). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists. Fed.R.Civ.P. 56(e). Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element

essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Citrate, 477 U.S. 317, 322 (1986).

   III.  **Discussion**

      A. **Rooker-Feldman and Collateral Estoppel**

In Counts VII and VIII of the second amended complaint,[4] plaintiffs allege that, pursuant to a fraudulent search warrant, defendants violated their Fourth and Fourteenth Amendment rights by conducting an unreasonable search of their property and seizing their animals in an unreasonable manner. In Count IX, plaintiffs allege that defendants conspired to violate their constitutional rights.

Defendants first argue that they are entitled to summary judgment because the Court lacks jurisdiction over this action under the Rooker-Feldman doctrine. "The 'basic theory' of the Rooker-Feldman doctrine is 'that only the United States Supreme Court has been given jurisdiction to review a state-court decision,' so federal district courts generally lack subject matter jurisdiction over 'attempted appeals from a state-court judgment.'" Dodson v. Univ. of Ark. Med. Servs., 601 F.3d 750, 751 (8th Cir. 2010) (citations omitted). The Rooker-Feldman "doctrine is 'confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced.'" Id. (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)).

---

[4] According to the alternative dispute resolution compliance report filed with the Court, the parties were able to reach a settlement as between plaintiffs and the defendants mentioned in Counts I, II, III, VI, and VI. See (Doc. #178). Additionally, because plaintiffs' second amended complaint contains no allegations against defendants Wesley Jordan and Tom Leasor, those defendants were removed from this action. The Court will not address the claims asserted against the settling or removed defendants.

Here, the undisputed facts are that a state court judge conducted a hearing regarding the disposition of the animals seized at the shelter, and entered an order affirming the validity of the search of the shelter and the seizure of plaintiffs' property. The plaintiffs were represented by counsel at the hearing and they did not seek appellate review of the order, although they could have done so. Nevertheless, in this action the plaintiffs do not "assert[] as a legal wrong an allegedly erroneous decision by a state court" nor do they "seek[] relief from a state court judgment based on that decision." Riehm v. Engelking, 538 F.3d 952, 965 (8th Cir. 2008). Instead, plaintiffs "assert[s] as a legal wrong an allegedly illegal act or omission by an adverse party." Id. As such, the Rooker-Feldman doctrine does not bar plaintiffs' § 1983 claims.

Next, defendants argue that plaintiffs' § 1983 claims based on the search and the seizure of the animals are barred by the doctrine of collateral estoppel. "Under issue preclusion, previously known as collateral estoppel, 'once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first case.'" Knutson v. City of Fargo, 600 F.3d 992, 996 (8th Cir. 2010) (citing Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980)). "According to the terms of the full-faith-and-credit-statute, [the Court must] apply state preclusion law in [its] analysis." Knutson, 600 F.3d at 996 (citation omitted). Under Missouri law, issue preclusion will apply in a case if:

> (1) the issue in the present action is identical to the issue decided in the prior adjudication; (2) the prior adjudication resulted in the judgment on the merits; (3) the party against whom issue preclusion is asserted was a party or is in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior court.

Simmons v. O'Brien, 77 F.3d 1093 (8th Cir. 1996) (citing State *ex rel.* Haley v. Groose, 873 S.W.2d 221, 223 (Mo. 1994) (en banc)).

In this case, the second element is satisfied because the state court judge's order constitutes a judgment on the merits. The third element is satisfied because plaintiffs were parties to the prior state court proceedings. The fourth element is also satisfied because the state court judge's order indicates that the parties presented evidence during the proceedings. However, the record does not clearly reveal what issues plaintiffs raised and argued during the prior proceedings. In fact, the record does include a transcript of the state court hearing. Thus, the Court is unable to determine if the issues raised in this action are the same issues that plaintiff argued in the state court proceedings. Because the first element is not met, issue preclusion does not bar plaintiffs' claims.

### B. Unreasonable Search and Seizure

In Count VII of the second amended complaint, plaintiffs assert § 1983 claims against defendants Landrum, Eber, and Wainwright for violating their constitutional rights under the Fourth and Fourteenth Amendments by conducting an unreasonable search and seizure on August 17, 2006.

The Fourth Amendment guarantees "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and searches[.]" U.S. CONST. amend. IV. To establish a § 1983 claim based on the Fourth Amendment, a plaintiff must demonstrate that the defendant seized plaintiff's property and that the seizure was unreasonable. Hawkins v. City of Farmington, 189 F.3d 695, 702 (8th Cir. 1999).

Here, plaintiffs have presented insufficient evidence to establish that Landrum, Eber, and Wainwright seized animals or other property from the shelter during the

search. The record contains no evidence that Landrum or Wainwright seized any property from the shelter. In the second amended complaint, plaintiffs allege that Eber "seize[d] files, notes, medicine bottles and other property belonging to the [p]laintiffs, which was not described in the warrant[.]" (Doc. #165, at 5, para. 24). However, plaintiffs offer no evidence to support this allegation. Therefore, the Court finds that Eber, Landrum, and Wainwright are entitled to summary judgment on plaintiffs' § 1983 claims under the Fourth Amendment.

The Due Process Clause of the Fourteenth Amendment guarantees that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. AMEND. XIV. § 1. Here, as discussed above, the record contains no evidence that Eber, Landrum, or Wainwright seized any property from the shelter. As such, the Court will grant summary judgment in favor of Eber, Landrum, and Wainwright on plaintiffs § 1983 claims under the Fourteenth Amendment for the August 17, 2006 search and seizure of the shelter.

### C. Fraudulently-Obtained Warrant

In Count VIII of the second amended complaint, plaintiffs assert § 1983 claims against Eber and Wainwright for helping to secure the search warrant by providing false statements to Subke, who thereafter included those statements in the affidavit in support of the search warrant application. (Doc. #165, at 4, para. 18, at 10, para. 49).

The Fourth Amendment guarantees that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. amend. IV. "An affidavit in support of a search warrant violates the Fourth Amendment if it contains 'allegations of deliberate falsehood or reckless disregard for the truth." U.S. v.

Amburn, 412 F.3d 909, 917 (8th Cir. 2005) (citing Franks v. Delaware, 438 U.S. 154, 171-72, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)). "To prove a Franks violation, [a plaintiff] must show: '(1) that a 'false statement knowingly and intentionally, or with reckless disregard for the truth, <u>was included by the affiant</u> in the warrant affidavit,' and (2) that 'with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause.'" Amburn, 412 F.3d at 917 (emphasis added) (citations omitted).

Here, the evidence establishes that only Subke signed the affidavit in support of the search warrant application. Subke, not Eber or Wainwright, was the affiant. (Doc. #182-8, at 2). As such, Eber and Wainwright did not attest to the veracity of the affidavit. The Court, finds that plaintiffs have failed to present sufficient evidence to establish the liability of Eber and Wainwright for the alleged false statements in the affidavit in support of the search warrant. Therefore, the Court will grant summary judgment in favor of Eber and Wainwright on Count VIII of plaintiffs' second amended complaint.

### D. Civil Conspiracy

Finally, in Count IX of the second amended complaint, plaintiffs allege that Landrum, Eber, and Wainwright conspired to violate their constitutional under the Fourth and Fourteenth Amendments. To establish a § 1983 civil conspiracy claim, a plaintiff must demonstrate that: (1) the defendants conspired with others to deprive plaintiff of a constitutional right; (2) that at least one of the alleged co-conspirators engaged in an overt act in furtherance of the conspiracy; (3) the overt act injured the plaintiff; and (4) the plaintiff was deprived of a constitutional right or privilege. Askew v. Millerd, 191 F.3d 953, 957 (8th Cir. 1999) (citations omitted). A plaintiff "must allege with particularity and specifically demonstrate with material facts that the

defendants reached an agreement." Marti v. City of Maplewood, Mo., 57 F.3d 680, 685 (8th Cir. 1995) (citing City of Omaha Employees Betterment Ass'n v. City of Omaha, 883 F.2d 650, 652 (8th Cir. 1989)).

In this case, plaintiffs offer no evidence that demonstrates that Landrum, Eber, and Wainwright reached an agreement to violate plaintiffs' constitutional rights. Moreover, the Court has already determined that the record contains no evidence that Landrum, Eber, and Wainwright violated plaintiffs' rights under the Fourth and Fourteenth Amendments. As such, the Court finds that Landrum, Eber, and Wainwright are entitled to summary judgment on Count IX of plaintiffs' second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that the motion for summary judgment of defendants Jerry Eber, Tiffany Landrum, and Elizabeth Wainwright [Doc. #180] is **granted**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2010.